CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BLVD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREGORY & ROSEMARIE LEE,** | : |
| | : |
| Plaintiff, | : |
| V. | : CIVIL ACTION NO.: |
| | : |
| **UNIVERSITY MEDICAL CENTER OF PRINCETON** | : |
| | : COMPLAINT AND JURY DEMAND |
| | : |
| | : |
| Defendants. | : |
| | : |

The Plaintiffs, Gregory & RoseMarie Lee, residing at 29 Bedford Road, City of Kendall Park, County of Middlesex, State of New Jersey, file this Complaint, and would respectfully show the Court as follows:

### NATURE OF CASE

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., establishing the most important civil rights for persons

with disabilities in our country's history. This action is brought by the plaintiffs, Gregory & RoseMarie Lee, against defendants' hospital, in their failure to provide reasonable accommodations for the plaintiffs disability and for discrimination based on disability during plaintiff Gregory Lee's care while in defendants' hospital. The plaintiffs experienced humiliation and discrimination in violation of their civil rights through Defendants' policies and practices of discrimination on the basis of disability.

2. This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act, as well as other state and common law causes of action. In this action, Plaintiffs suffered damages and now seek declaratory and injunctive relief, and compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title III, 28 USCS Section 12181 et seq and the Rehabilitation Act, 29 USCS Section 794, Section 504. This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## PARTIES

4. Gregory and RoseMarie Lee are residents of the City of Kendall Park, County of Middlesex and State of New Jersey. Plaintiffs, Gregory and RoseMarie, are profoundly deaf and communicate through American Sign Language. They require qualified American Sign Language interpreters, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendants and to benefit from Defendants' services.

Plaintiffs are qualified persons with a disability pursuant to Section 504, the ADA and NJLAD.

  5. Defendant, University Medical Center of Princeton, is located at 1 Plainsboro Road, City of Plainsboro, County of Middlesex and State of New Jersey. It is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504.

## FACTS

  6. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities". 42 U.S.C. Section 12181 et seq.

  7. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-12.

  8. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

  9. Defendant provides public accommodations within the meaning provided in each of the above laws.

  10. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiffs who have a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

  11. Among these aids include a failure to provide interpreters to plaintiffs for the care of the plaintiff Gregory Lee. These aids were requested and denied by the defendants during Lee's hospitalization on January 7, 2018 and on all occasions prior and thereafter.

  13. Plaintiff Gregory Lee was a patient at University Medical Center of Princeton on January 7, 2018. On January 7, 2018 Plaintiff had a severe coughing incident at home, and passed out on the floor of his bathroom. When he awoke,

he discovered a puddle of blood on the floor and realized he had broken two teeth and had a severe cut on his lip. Plaintiff quickly called his wife at work who returned home to take him to the emergency room. Before leaving for the defendant's hospital plaintiff RoseMarie Lee called the hospital to request a sign language interpreter. The receptionist told her okay, so plaintiffs left for the hospital.

      14. Upon arrival at the emergency room, there was no sign language interpreter present, and no one would confirm that one has been requested. Finally a nurse came in to see plaintiffs. She was unaware Mr. Lee was deaf so started talking to RoseMarie Lee. When the nurse discovered she was also deaf, she left the room and returned with another nurse. They then left to discuss what to do. About an hour later, they returned with a VRI machine. However, the staff at University Medical Center of Princeton were unable to connect the VRI machine and had no knowledge of how to do so. Plaintiff RoseMarie feeling frustrated, attempted to connect the VRI machine. She was successful and got the machine to work. However, there were technical issues and the VRI interpreter could not see them. At this point, plaintiffs once again asked for a live sign language interpreter. The nurse informed them that there were none available tonight and she would check in the morning. This however, was of no help to plaintiffs as this was an emergency room visit and plaintiff would not be admitted overnight. The nurse then stitched up plaintiffs lip as he was bleeding and found a broken tooth inside his lip which required an x-ray. During this, plaintiff Gregory Lee back was also in extreme pain to which he could not tell the nurse as he had no form of communication. Plaintiff was then forced to sit and be adjusted for x-rays for an hour while in pain that medical staff knew nothing about, which was made worse by constant readjusting. Plaintiff was then returned to his room where the stitching of his lip was complete. Plaintiff was discharged shortly thereafter and spent the next three days bedridden with back pain that had not been tended to as plaintiff had no way to communicate his source of pain to medical staff.

15. Throughout plaintiff Gregory Lee's stay he was seen by various nurses and staff without the utilization of an interpreter despite plaintiffs repeated requests resulting in ineffective communication. Without an interpreter being provided to them, plaintiffs were unable to communicate effectively during critical aspects of his treatment. This led to plaintiffs not having a complete understanding of what took place during his medical treatment as well as being unable to participate in and ask questions about his medical treatment, diagnosis, prognosis as well as have the discharge instructions explained to them all due to no interpreter being provided by defendant hospital on January 7, 2018. This also led plaintiffs to feeling frustrated, scared and upset about the lack of communication during his hospitalization. All requests by plaintiffs for a live sign language interpreter went ignored by defendants. This lack of communication left plaintiffs feeling frustrated and upset as well as this left the plaintiffs feeling frightened and scared as they struggled to understand about the medical treatment Plaintiff Gregory Lee received at defendants hospital during his hospitalization.

16. Plaintiffs were ignored, humiliated and treated like non-persons by defendants. Defendants' actions resulted in plaintiffs being irretrievably denied the complete understanding of the care received while at the Hospital's Facilities. Instead plaintiffs experienced shame, anxiety, frustration, emotional distress, fear and discrimination. Further, Gregory Lee's care was made more difficult and painful by his inability to communicate with the nursing staff and doctors in a manner in which he could understand.

17. During the plaintiff's admission to defendants' hospital he was requested to sign consent forms and other forms involving procedures without an interpreter present. Plaintiffs did not fully understand what treatment was to be performed on him and was often unaware of his diagnosis, prognosis and was unable to fully understand what treatment was to be performed on him.

18. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiff. Plaintiffs will require the services of defendant hospital's facilities in the future as it is the closest hospital to plaintiffs home, and based upon defendants' ongoing pattern of discrimination will once again be denied reasonable accommodation for their disability.

19. Defendants' willful, knowing and repeated acts of intentional discrimination against plaintiff evidences a pattern and practice of discrimination that is in violation of N.J.S.A. 10:5-1, et seq., the ADA and the Rehabilitation Act and caused plaintiff to suffer and continue to suffer mental pain and anguish.

## CLAIMS

20. Plaintiffs reallege and incorporate by reference the allegations of fact contained in the previous paragraphs.

## FIRST COUNT
## DEFENDANTS VIOLATED TITLE III OF THE AMERICANS WITH DISABILITIES ACT

21. Plaintiffs hearing loss substantially limits their major life activities, including their ability to effectively communicate. Therefore, Plaintiffs are individuals with a disability under Title III of the ADA. Plaintiffs meet the essential eligibility requirements for Defendants' programs, services, and activities at all times material hereto. Thus, Plaintiffs are qualified individuals with a disability and are entitled to the protections of the ADA under 29 USCS Section 794, et seq.

22. Defendants violated Title III of the ADA in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Failed to ensure that communications with Plaintiffs were as effective as communications with non-disabled patients;

(c) Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiffs;

(d) Failed to establish effective self-evaluations and/or provide notice of Plaintiff's rights as individuals with a disability under the ADA;

(e) Failed to train staff on how to utilize the video remote interpreting system; and

(f) Excluded Plaintiffs from services of the public entity and denied Plaintiffs the benefit of these services due to their disability.

23. Plaintiffs suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' violations of Title III of the ADA.

## SECOND COUNT
## DEFENDANTS VIOLATED SECTION 504 OF THE REHABILITATION ACT OF 1973

24. Plaintiffs are deaf and their disability substantially limits their major life activities, including their ability to effectively communicate with others who do not know sign language. Therefore, Plaintiffs are considered to be individuals with disabilities under Section 504, as amended, See 29 U.S.C. §706(8). Plaintiffs are otherwise qualified under Section 504 because they meet the essential eligibility requirements for Defendants' services at all times material hereto. Defendants are also recipients of federal financial assistance.

25. Defendants' policies, practices and procedures, particularly the actions and omissions described above, violated the Plaintiff's rights under Section 504 by discriminating on the basis of disability.

26. Additionally, Defendants also denied Plaintiffs services which it made available to non-disabled patients.

27. Defendants violated Plaintiff's rights through repeated refusals to reasonably accommodate Plaintiffs with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

28. Plaintiffs suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to Defendants' violations of Section 504.

## THIRD COUNT
## DEFENDANTS VIOLATED THE NEW JERSEY LAW AGAINST DISCRIMINATION

29. Defendants' conduct is in violation of the N.J.S.A. 10:5-1, et seq., N.J.S.A. 34:1-69.10 et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court grant the following relief against the Defendants, jointly and severally for the following:

30. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiffs to discrimination in violation of Section 504 of the Rehabilitation Act, Title III of the Americans with Disabilities Act, and the New Jersey Law Against Discrimination.

31. Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiffs equal access to, and benefit from Defendants services or which deny Plaintiffs communication with Defendants. Enter a permanent injunction ordering Defendants:

A. To cease discrimination against Plaintiffs and other deaf or hard of hearing patients;

B. To promulgate and comply with policies and procedures to ensure that Defendants and its staff do not discriminate against individuals who are deaf and hard of hearing;

C. To promulgate and comply with procedures to ensure that Defendants will provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by Defendants;

D. To promulgate and comply with procedures to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, Videophones, and other communication services to ensure effective communication with and for deaf or hard of hearing persons.

32. Award compensatory and punitive damages;
33. Award reasonable costs and attorneys' fees; and
34. Award any and all other relief that may be necessary and appropriate.

## JURY DEMAND

35. Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

      /s/ Clara R. Smit

CLARA R. SMIT, ESQ.
Attorney for Plaintiff

Dated: February 19, 2018

# CERTIFICATION

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated. At this time, the Plaintiffs know of no other party who should be joined in this action.

/s/ Clara R. Smit
Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: May 15, 2018